UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-23769-CIV-MARTINEZ

ALBION BRAND FOUNDRY LTD,

     Plaintiff,

v.

THE PARTNERSHIPS, UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

     Defendants.

                                    /

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) ("Motion"), [ECF No. 9]. The Court has reviewed the Motion, the record, and applicable law. After careful consideration, the Motion is **GRANTED**.

On May 29, 2026, Plaintiff filed a Complaint [ECF No. 1], alleging that Defendants are advertising, promoting, offering for sale, or selling goods bearing and/or using what Plaintiff has claimed are counterfeits and infringements of Plaintiff's registered trademark. Plaintiff asserts claims for federal trademark infringement and false designation of origin. (*See generally id.*).

Now, Plaintiff requests an order authorizing alternative service of process on the Defendants in this action "via email and via web publication." (Mot. 2). Plaintiff contends that electronic service by these means is sufficient to provide notice to Defendants, who reportedly reside in or operate from The People's Republic of China ("China") and have established Internet-based businesses and utilize electronic means as reliable forms of contact. (*See generally id.*; Decl. of Andrew J. Palmer ("Palmer Decl.") [ECF No. 9-1] ¶¶ 4–6).

CASE NO. 26-23769-CIV-MARTINEZ

Alternate service comports with due process in this case. E-mail and posting on Plaintiff's designated website are reasonably calculated to give notice to Defendants because Defendants rely on electronic communication for their business operations. (*See* Palmer Decl. ¶ 6). Moreover, Plaintiff has created a website, that will be appearing at the URL https://cloud.palmerlawgroup.com/index.php/s/sPCpXBY45L60USb, for the purpose of providing notice of this action to Defendants, which will be provided to Defendants' known e-mail accounts. (*See* Mot. 5). Therefore, Plaintiff's suggested methods are "reasonably calculated, under all circumstances, to apprise [Defendant] of the pendency of the action and afford [it] an opportunity to present [its] objections." *Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-cv-21962, 2007 WL 1577771, at *1 (S.D. Fla. May 31, 2007) (alterations added).

The Court finds that alternative service of process is not prohibited by international agreement. Rule 4(h)(2) for the Federal Rules of Civil Procedure describes the various ways a plaintiff may serve foreign entities and incorporates the service methods set forth in Rule 4(f). Rule 4(f)(3), in turn, allows a district court to order an alternate method for service to be executed on foreign defendants, provided it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. *See* Fed. R. Civ. P. 4(f)(3); *see also Brookshire Bros.*, 2007 WL 1577771, at *2 (noting that "district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements" (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003))).

Plaintiff believes Defendants primarily reside in and/or operates from China. (*See* Mot. 4; Palmer Decl. ¶ 4). Because Defendants have no known physical address, the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters

2

("Hague Convention") does not apply. *See* Hague Service Convention, art. 1, 20 U.S.T. 361 (1969) ("[The] Convention shall not apply where the address of the person to be served with the document is not known."). In any event, however, the Hague Convention — to which the United States and China are signatories — does not specifically preclude service by e-mail and website posting. The Court notes that China has declared it opposes the alternative means of service outlined in Article 10 of the Hague Convention. However, the objection is specifically limited to the means of service enumerated in Article 10, and China has not expressly objected to service via e-mail or website posting.

Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such e-mail or website posting. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, Case No. 15-cv-20590, 2015 U.S. Dist. LEXIS 122000, at *8–9 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, is limited to the specific forms of service objected to). A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219-20 (S.D.N.Y. 2011). Thus, the requested service methods are not prohibited by international agreement.

In sum, Plaintiff has shown good cause why leave should be granted to allow service of the Summons, the Complaint, and all other filings in this matter via e-mail or posting on Plaintiff's designated website against Defendants. (*See generally* Mot.). Thus, the Court will exercise its discretion to allow service on Defendants through e-mail and website posting.

CASE NO. 26-23769-CIV-MARTINEZ

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion [**ECF No. 9**], is **GRANTED**. Pursuant to Rule 4(f)(3), Plaintiff is permitted to serve the Summonses, Complaint, and other relevant filings in this matter on Defendants as follows:

a. Plaintiff may serve the summons, a copy of the Complaint [ECF No. 1], and all other future filings in this matter on Defendants by providing Plaintiff's designated service notice website to the email addresses that Defendants provided to Walmart when registering as merchants on Walmart's platform.

b. The third-party e-commerce platform, here, Walmart, Inc., shall, within five (5) business days of receipt of this Order, locate and provide any email addresses used by Defendants to conduct business on the platform.

c. Plaintiff may serve the summons, a copy of the Complaint, and all other future filings in this matter on Defendants by providing access to Plaintiff's designated service notice website: https://cloud.palmerlawgroup.com/index.php/s/sPCpXBY45L60USb.

**DONE AND ORDERED** in Miami, Florida, this _10_ day of June 2026.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc:    counsel of record

4