UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:26-23769-CIV-MARTINEZ

ALBION BRAND FOUNDRY LTD,

      Plaintiff,

v.

THE PARTNERSHIPS, UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A,

      Defendants.

_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR ENTRY OF PRELIMINARY INJUNCTION**

This matter is before the Court on Plaintiff's Motion for Entry of Preliminary Injunction (the "Motion"). ECF No. 16.[1]  Plaintiff seeks the entry of a preliminary injunction, including the entry of an order restraining assets, against Defendants Tywei, Huili Store, Zexumo Inc, AiXi LLC, Huayi LLC, and Weini Store (collectively, "Defendants"),[2] based on alleged trademark infringement, pursuant to 15 U.S.C. § 1116, Fed. R. Civ. P. 65, the All Writs Act, 28 U.S.C. § 1651(a), and the Court's inherent authority.

The Court held a hearing on June 30, 2026, via Zoom videoconference, at which only counsel for Plaintiff was present and available to provide evidence supporting Plaintiff's motion. Defendants have not responded to Plaintiff's motion, have not made any filings in this case, and

---

[1] The Honorable Jose E. Martinez referred Plaintiff's Motion for Entry of Preliminary Injunction to the undersigned.  ECF No. 18.

[2] The six (6) Defendants are described in the Complaint as "individuals and business entities identified on the attached Schedule A, who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A."  ECF No. 1 at ¶ 12.  Schedule A is attached hereto and can also be found on the court docket. *See* ECF No. 1 at 13; *see also, e.g.*, ECF No. 16 at 16.

have not appeared in this matter, either individually or through counsel.  Having reviewed Plaintiff's motion, the pertinent portions of the record, and the relevant legal authorities, and for the reasons discussed below, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Entry of Preliminary Injunction, ECF No. 16, be **GRANTED**.

## I.      FACTUAL BACKGROUND

Plaintiff Albion Brand Foundry LTD ("Albion" or "Plaintiff") has presented evidence demonstrating that it is the owner of the federally registered XIRQI trademark *i.e.*, U.S. Trademark Registration No. 6,855,119 (the "XIRQI Trademark") that is identified in the Complaint and in Paragraph 1 of the Declaration of Weiqiang Zhang.[3]  ECF No. 8-3 at ¶ 3; ECF No. 1-1; ECF No. 8-1; *see also* ECF No. 1 at ¶ 8.  The XIRQI Trademark is registered with the United States Patent and Trademark Office, remains in effect, and is used in connection with the promotion, distribution, and sale of thermometers for medical use, mercury thermometers, and related products under International Class 10.  *See* ECF No. 8-3 at ¶¶ 3-6; ECF No. 8-1 at 2, 4.

Defendants, operating under the seller aliases identified on Schedule A (the "Seller Aliases") through fully interactive online storefronts on the Walmart.com e-commerce platform,[4] have advertised, promoted, offered for sale, and/or sold infringing and counterfeit products bearing or using the XIRQI Trademark.  ECF No. 8-3 at ¶¶ 8-11, 14-15; ECF No. 8-2 at ¶¶ 2, 8.  Defendants are not and have not been authorized or licensed to use the XIRQI Trademark.  *See* ECF No. 8-3 at ¶¶ 11, 12, 13, 14; ECF No. 8-2 at ¶ 2.

---

[3] At the hearing, Plaintiff relied upon the declarations and exhibits that were filed in support of Plaintiff's *Ex Parte* Application for Entry of a Temporary Restraining Order and Order Restraining Transfer of Assets.  *See* ECF No. 8.  The declarations include (1) the Declaration of Andrew J. Palmer, one of Plaintiff's counsel, ECF No. 8-2 and (2) the Declaration of Weiqiang Zhang, Plaintiff's shareholder, ECF No. 8-3.

[4] The e-commerce store URL for each Defendant is listed on Schedule A under the Defendants' Walmart Store URLs heading.

Here, Plaintiff has submitted sufficient evidence showing that each Defendant has infringed upon the XIRQI Trademark.  *See* ECF No. 8-3 at ¶¶ 8-14; ECF No. 8-4.  Plaintiff conducted an investigation of Defendants' promotion and sale of products using or bearing counterfeit and infringing versions of Plaintiff's XIRQI Trademark.  *See* ECF No. 8-3 at ¶¶ 8-12; ECF No. 8-2 at ¶¶ 2, 8.  Plaintiff's investigation accessed the Walmart.com storefronts corresponding to the Seller Aliases and documented, via screenshots, that the Defendants advertise, promote, and offer for sale products bearing or using the XIRQI Trademark.  *See* ECF No. 8-3 at ¶¶ 9-11; ECF No. 8-4.  Defendants additionally offer to ship the infringing products nationwide, including to addresses in the Southern District of Florida.  ECF No. 8-3 at ¶ 10.  As part of the investigation, Plaintiff and Plaintiff's counsel visually examined the products displayed on Defendants' respective e-commerce stores, including the products' appearance and pricing, and compared those products to Plaintiff's genuine products.  *See* ECF No. 8-3 at ¶¶ 9, 11; ECF No. 8-2 at ¶ 2.  Plaintiff and Plaintiff's counsel confirmed that the Defendants were not authorized to use the XIRQI Trademark and were not authorized retailers of Plaintiff's products and that products displayed for sale on Defendants' respective e-commerce stores were infringing upon Plaintiff's XIRQI Trademark.  *See* ECF No. 8-3 at ¶¶ 8-12; ECF No. 8-2 at ¶¶ 2, 8; *see also* ECF No. 8-4.

## II.        PROCEDURAL BACKGROUND

On May 29, 2026, Plaintiff filed a Complaint against Defendants for trademark infringement, in violation of 15 U.S.C. § 1114 (Count I), and false designation of origin, in violation of 15 U.S.C. § 1125(a) (Count II).  ECF No. 1.  On June 6, 2026, Plaintiff filed an *Ex Parte* Application for Entry of Temporary Restraining Order and Order Restraining Transfer of Assets, ECF No. 8, and a Motion for Order Authorizing Alternate Service of Process on Defendants, ECF No. 9.  On June 10, 2026, the Court issued an Order granting Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order and Order Restraining Transfer of Assets,

ECF No. 10, and an Order granting Plaintiff's Motion for Order Authorizing Alternate Service of Process on Defendants, ECF No. 11.

Pursuant to the June 10, 2026 Orders, Plaintiff served each Defendant, by e-mail and through Plaintiff's designated website for serving notice, with a copy of the Complaint, the Order granting Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order, and other filings in this matter. *See* ECF No. 14. Plaintiff subsequently served each Defendant with a copy of Plaintiff's Motion for Entry of Preliminary Injunction and the Court's Order Setting Preliminary Injunction Hearing and Briefing Schedule. *See* ECF Nos. 20, 23.

## III.     LEGAL STANDARD

Plaintiff seeks a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. To obtain a preliminary injunction, Plaintiff must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying test to a preliminary injunction in a Lanham Act case).

As outlined below, Plaintiff has submitted sufficient evidentiary support to warrant enjoining Defendants from engaging in the alleged infringing activities. *See, e.g.*, *Louis Vuitton Malletier, S.A. v. Lin*, No. 10-61640-CIV-HUCK, 2010 WL 11550032 (S.D. Fla. Sept. 2010) (granting preliminary injunction against defendants who failed to respond or appear in the case after the plaintiff presented sufficient evidence of infringing activity to support its motion for preliminary injunction).

## IV.     ANALYSIS

The declarations and exhibits that Plaintiff submitted in support of its motion for preliminary injunction support the following conclusions of law:

A. Plaintiff has a substantial likelihood of success on the merits of its claims. Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, offer for sale, sale, or distribution of products using and/or bearing infringing and counterfeit versions of the XIRQI Trademark, and that the products Defendants are selling and promoting for sale are unauthorized copies of Plaintiff's products that bear or use infringing and counterfeit versions of the XIRQI Trademark.

B. Because of the infringement upon the XIRQI Trademark, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts—as set forth in Plaintiff's Complaint and its accompanying exhibits, the instant motion for preliminary injunction, and the declarations and exhibits accompanying Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order, *see* ECF Nos. 1, 8, 16—demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers if a preliminary injunction is not issued:

  i. Defendants own, operate, and/or control interactive e-commerce stores operating under the Seller Aliases which advertise, promote, offer for sale, and/or sell counterfeit goods to consumers in the United States using or bearing infringing and/or counterfeit versions of the XIRQI Trademark;

  ii. There is good cause to believe that more counterfeit and infringing products using or bearing the XIRQI Trademark will appear in the marketplace; that consumers are likely to be misled, confused, and/or disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products, damage to its reputation and the goodwill associated with the XIRQI

5

Trademark, and an unnatural erosion of the legitimate marketplace in which it operates.

C.  The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing goods through their e-commerce stores and freezing their ill-gotten profits if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation, and the goodwill associated with Plaintiff's XIRQI Trademark if such relief is not issued.

D.  The public interest favors issuance of a preliminary injunction to prevent consumer confusion and dispel the false impression that Defendants are operating their e-commerce stores with Plaintiff's approval and endorsement, as well as to protect Plaintiff's legitimate trademark interests.

E.  Under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing and/or using infringing and/or counterfeit versions of the XIRQI Trademark.  *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'" (quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962))).

F.  Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *FTC v. U.S. Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984), *abrogated on other grounds by AMG Cap. Mgmt., LLC v. FTC*, 593 U.S. 67, 70 (2021)).

G. In light of the inherently deceptive nature of the counterfeiting business and the likelihood that Defendants have violated federal trademark laws, there is good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## V.    CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Entry of Preliminary Injunction, ECF No. 16, be **GRANTED**. The undersigned further recommends that the preliminary injunction provide as follows:

(1)    Each Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them having notice of this Preliminary Injunction are preliminarily enjoined and restrained from:

   a. Using the XIRQI Trademark or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine XIRQI product or not authorized by Plaintiff to be sold in connection with the XIRQI Trademark;

   b. Passing off, inducing, or enabling others to sell or pass off any product as a genuine XIRQI product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the XIRQI Trademark;

   c. Committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   d. Further infringing the XIRQI Trademark and/or damaging Plaintiff's goodwill; and/or

e. Shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear the XIRQI Trademark or any reproductions, counterfeit copies, or colorable imitations thereof.

(2) Defendants and any person in active concert or participation with them who have actual notice of this Preliminary Injunction shall be preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

(3) Any third-party providers, including PayPal, Payoneer, and Walmart, Inc., shall, within two (2) business days of receipt of this Preliminary Injunction, for any of Defendants or any of Defendants' online marketplace accounts or websites:

a. Locate all accounts and funds connected to Defendants, Defendants' online marketplace accounts, or Defendants' websites, including, but not limited to, any financial accounts connected to the information listed in Schedule A attached hereto and any email addresses provided for Defendants by third parties; and

b. Restrain and enjoin any such accounts or funds from transferring or disposing of money or any other assets belonging to Defendants until further ordered by this Court.

(4) Any Defendant subject to this Preliminary Injunction may appear and move to dissolve or modify the Preliminary Injunction on two-days' notice to Plaintiff or on shorter notice as set by this Court.

(5) Any Defendant or financial institution account holder subject to this Preliminary Injunction may petition the Court to modify the asset restraint set out in this Preliminary Injunction.

(6)     This Preliminary Injunction shall apply to the Seller Aliases (listed in Schedule A attached hereto), associated e-commerce stores and websites, and any other e-commerce store names, seller identification names, domain names, websites, or financial accounts that are being used by Defendants for the purpose of infringing the XIRQI Trademark and/or unfairly competing with Plaintiff.

(7)     This Preliminary Injunction shall remain in effect during the pendency of this action or until such further date set by the Court.

(8)     This Preliminary Injunction shall no longer apply to any Defendant, Seller Alias, or associated e-commerce store dismissed from this action or as to which Plaintiff has withdrawn its request for a preliminary injunction.

(9)     Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall maintain its previously posted bond in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), to pay for any costs or damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further order of the Court.  In the Court's discretion, the bond may be subject to increase should a motion be made in the interest of justice.

(10)    In addition, for the purpose of providing additional notice of this proceeding and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of the e-commerce stores, and/or financial institutions, payment processors, banks, escrow services, money transmitters, and marketplace platforms, including but not limited to PayPal, Payoneer, and Walmart Inc., and their related companies and affiliates shall, at Plaintiff's request, provide Plaintiff's counsel with any e-mail addresses known to be associated with Defendants' Seller Aliases.

Plaintiff's counsel **SHALL SERVE** a copy of this Report and Recommendation on Defendants **by June 30, 2026** and shall file proof of service thereof.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to **EXPEDITE** the period to serve and file written objections to this Report and Recommendation, if any, with the Honorable Jose E. Martinez, United States District Judge.  Accordingly, the parties shall have **until Monday, July 6, 2026** to file and serve any written objections to this Report and Recommendation. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice."  11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, on this 30th day of June 2026.

EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:     Hon. Jose E. Martinez
        Counsel of Record

**Schedule A Defendants**

| Def. # | Seller Aliases | Defendants' Walmart Store URLs |
|---|---|---|
| 1 | Tywei | https://www.walmart.com/global/seller/102882879 |
| 2 | Huili Store | https://www.walmart.com/global/seller/101212860 |
| 3 | Zexumo Inc | https://www.walmart.com/global/seller/101267498 |
| 4 | AiXi LLC | https://www.walmart.com/global/seller/101476767 |
| 5 | Huayi LLC | https://www.walmart.com/global/seller/101681981 |
| 6 | Weini Store | https://www.walmart.com/global/seller/102759795 |